Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WENDY KNOX and RICHARD DOTSON, | ) ) ) | Case No. CV09-00162 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| UNITED STATED DEPARTMENT OF THE INTERIOR, KENNETH LEE SALAZAR, Secretary of the Interior, and C.L. OTTER, Governor of the State of Idaho, | ) ) ) ) ) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendants. | ) ) ) | |

COME NOW Plaintiffs Wendy Knox and Richard Dotson, and for cause of action against

the named Defendants, allege as follows:

      1.     This action arises under the Indian Gaming Regulation Act ("IGRA"), 25 U.S.C. §

2701, *et seq.*

2.       The claims against the Department of Interior ("Department) and Secretary of the Interior ("Secretary"), seek judicial review of the approval by the former Secretary of the Tribal-State Gaming Compacts, and amendments thereto, described below.  This Court has jurisdiction over these claims under 28 U.S.C. § 1331 and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq*.

3.       The claims against the Governor of the State of Idaho (the "Governor") seek declaratory and injunctive relief.  This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331 and 2201.

4.       Venue is proper in the District of Idaho pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred within this District.  Moreover, the Governor resides in this District.

5.       Plaintiffs Knox and Dotson are individuals who have been injured, both financially and personally, by the unlawful gambling and gaming enterprises conducted on Indian lands in Idaho, most specifically at the Fort Hall Casino operated by the Shoshone-Bannock Indian Tribe ("SBT") on the SBT reservation located on the border of Bingham County and Bannock County, Idaho, just a few miles from Plaintiffs' respective residences.

6.       The United States Department of the Interior is an "agency" of the Government of the United States within the meaning of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*

7.       The Secretary of the Interior, Kenneth Lee Salazar, is the officer personally responsible for compliance with IGRA within the meaning of the APA.

8.      Governor C.L. Otter is, and his predecessors were, authorized by Idaho statute and personally responsible for entering into Tribal-State Gaming Compacts pursuant to IGRA.

9.      IGRA establishes three classes of gaming activity: Class I, Class II and Class III. Class I includes certain social games and traditional forms of Indian gaming engaged in as part of tribal ceremonies or celebrations.  25 US.C. § 2703(6). Class II includes certain card games that are "explicitly authorized by the laws of the State" or "are not explicitly prohibited by the laws of the State and are played at any location in the State." 25 U.S.C. §§ 2703(7)(A)(ii), 2703(7)(B). Class II excludes slot machines. 25 US.C. § 2703(7)(B). Class III includes "all forms of gaming that are not class I gaming or class II gaming." 25 US.C. § 2703(8). Under these definitions, Class III gaming in Idaho includes slot machines.

10.     IGRA prohibits Class III gaming, such as slot machines, unless three conditions are met:  (1) such gaming is approved by the governing body of the Tribe and the Chairman of the National Indian Gaming Commission; (2) such gaming is permitted by the state for any purpose by any person, organization or entity; and (3) the tribe and state enter into a compact that is approved by the Secretary of the Interior.  25 US.C. § 2710(d)(1).

11.     The Johnson Act (as amended by IGRA) makes it illegal to use or possess "gambling devices" (defined to include slot machines) within Indian country, unless the slot machines are operated under a compact entered into by "a State in which gambling devices are legal." 15 U.S.C. § 1175; 25 U.S.C. § 2710(6).

12.     In 1992, the State of Idaho amended its Constitution to prohibit "any form of casino gambling," including "slot machines" and "any electronic or electromechanical imitation or simulation of any form of casino gambling."  Article III § 20, Idaho Const.

13.     Between 1992 and 2000, the Governor's predecessors entered into Class III gaming compacts (hereinafter the "Compacts")on the State of Idaho's behalf with four of the five Idaho tribes:  the Coeur d'Alene Tribe, the Kootenai Tribe, the Nez Perce Tribe, and the Shoshone-Bannock Tribe.

14.     Following the execution of these Compacts, on November 25, 2002, the voters of Idaho approved Proposition One, purporting to allow Indian tribes to conduct gaming "using tribal video gaming machines."  The State of Idaho ratified Proposition One and codified and enacted into law as Idaho Code §§ 67-429B and 67-429C.

15.     The "tribal video gaming machines" as defined and described by Idaho Code § 67-429B, constitute "casino gambling" and "slot machines" within the meaning of Article III § 20 of the Idaho Constitution, as those phrases have been interpreted by Idaho Supreme Court decision.

16.     During Proposition One's certification process, the Idaho Attorney General conceded: (a) that the tribal video gaming machines as defined in Proposition One "would be construed as slot machines or imitations or simulations of forms of casino gambling," (b) that "in light of Idaho's blanket restriction on the use or possession of slot machines, it is unlikely that attempts to distinguish Tribal Video Gaming Machines from slot machines or imitations thereof under Idaho law will succeed," and (c) that "the argument that such a gaming statute or initiative is permissible cannot be premised upon an assumption that such gaming is permitted by the Idaho Constitution."  Proposition One was ratified and codified in spite of the Idaho Attorney General's opinion.

17.     Idaho Code §§ 67-429B and 67-429C are in plain violation of Article III § 20 of the Idaho Constitution and are therefore void.  Consequently, Idaho does not "permit" the gaming purportedly authorized by the Compacts.

18.     Following codification of Idaho Code §§ 67-429B and 67-429C, three of the four Compacts nevertheless were amended to authorize the tribal video gaming purportedly permitted by Idaho Code §§ 67-429B and 67-429C.

19.     The Secretary's predecessor (Gale Norton) approved these amendments in 2003.  *See* 68 Fed. Reg. 1068 (Jan. 8, 2003).

20.     The SBT compact does not appear to have been expressly amended like the other three Tribal-State Compacts.  It is the Governor's position that no formal amendment was necessary but was accomplished automatically by the "most-favored nations" clause in the SBT Compact, which purports to grant the SBT the right to conduct any gaming Idaho's other tribes are authorized to conduct.  However, in *State of Idaho v. Shoshone-Bannock Tribes*, 465 F.3d 1095 (9th Cir. 2006), the Ninth Circuit Court of Appeals held that "an amendment of the Tribes' Compact is required for the Tribes to be able to operate their video gaming machines as a result of the permitted operation of such games by other tribes in Idaho." *Id*. at 1099.  Despite the apparent failure to adopt a formal amendment to the SBT Compact, both parties to the SBT Compact have either expressly or implicitly agreed that the Compact has been so amended either by operation of the "most favored nations" clause or by the Ninth Circuit's decision in *State v. Shoshone-Bannock Tribes*, *supra*.

21.     In either case, by failing to approve or disapprove the amendment to the SBT Compact within 45 days, the Secretary is deemed to have approved the amendment, but only to the extent it is consistent with IGRA. 25 U.S.C.S. § 2710(8)(D).

22.     The approvals of the Compacts and the amendments thereto by the Secretary's predecessor violates IGRA, 25 U.S.C. §§ 2710(d)(I)(B) and 2710(d)(8)(B)(I), as those provisions are interpreted by court decisions, because the Compacts purport to authorize Class III gaming activity for Indian Tribes that the State of Idaho does not permit for any purpose by any person, organization, or entity.

23.     The approvals of the Compacts and the amendments thereto by the Secretary's predecessor violates the Johnson Act as amended by IGRA, 15 U.S.C. § 1175 and 25 U.S.C. § 2710(d)(6), as those provisions are interpreted by court decisions, because the Compacts purport to authorize Indian Tribes to possess and use slot machines in a State where slot machines are not legal.

24.     The approvals of the Compacts and the amendments thereto by the Secretary's predecessor violate the Administrative Procedure Act, 5 U.S.C. § 706(2), because they are arbitrary, capricious, and not in accordance with federal statutory law.

25.     Idaho Code §§ 67-429B and 67-429C, and the Compacts executed pursuant thereto, as amended, violate IGRA, 25 U.S.C. §§ 2710(d)(1)(B), because they purport to authorize Indian Tribes to conduct Class III gaming activity that the State of Idaho does not permit for any purpose by any person, organization, or entity.  Idaho Code §§ 67-429B and 67-429C, and the Compacts executed pursuant thereto, as amended, also violate the Johnson Act as amended by IGRA, 15 U.S.C. § 1175 and 25 U.S.C. § 2710(d)(6), because the Compacts authorize Indian Tribes to possess and use slot machines in a State where slot machines are not legal. Consequently, Idaho Code §§ 67-429B and 67-429C and the Compacts violate the Supremacy Clause of the United States Constitution, Art. VI, Cl. 2, because they are contrary to federal law.

26.    For the same reasons, the execution of the Compacts and the approval by the Governor's predecessors of the amendments thereof, contravene IGRA, the Johnson Act, and the Supremacy Clause, and deprive Plaintiffs of their rights secured by IGRA and the Johnson Act and the Equal Protection.

27.    As a direct and proximate result of the defendants' aforesaid violations, Plaintiffs have suffered and will continue to suffer irreparable injury as set forth in detail in the following paragraph immediately following.

28.    Plaintiffs have standing to bring this action because they each have suffered injuries in fact, because there is a causal connection between the defendants' conduct and the Plaintiffs' injuries, because there is a substantial likelihood that the judicial relief requested will prevent or redress Plaintiffs' injuries, because their injuries are different from those suffered by the general public, and because the interests they seek to protect are within the zone of interests to be protected by IGRA and the Johnson Act, as established by the following facts, *inter alia*:

a.    After enactment of Idaho Code §§ 67-429B and 67-429C and installation of slot machines at the Fort Hall Casino near Blackfoot, Idaho, both Plaintiffs became compulsive gamblers, driving the short distance from their homes to gamble on the slot machines at the Fort Hall Casino, about 3 to 4 times per week.

b.    Plaintiffs gambled almost exclusively at Fort Hall Casino because of its very short distance from their respective residences, compared to the next nearest casino gambling establishments located hundreds of miles away.

c.    Of all the different types of gambling available at the Fort Hall Casino, Plaintiffs played only the slot machines.

d.      Because of the slot machines at the Fort Hall Casino, Plaintiffs both developed clinical and devastating addictions to gambling at the Fort Hall Casino.  Plaintiff Knox estimates her slot machine losses at Fort Hall Casino at about $50,000.00, and Plaintiff Dotson estimates his slot machine losses at Fort Hall Casino at about $30,000.00.

e.      Because of the slot machines allowed at the Fort Hall Casino in violation of IGRA and the Johnson Act, and their consequent gambling addictions, both plaintiffs suffered not only large monetary losses but also incurred additional debt they otherwise would not have incurred, were subjected to intrusive and humiliating collection efforts, stress, anxiety and marital and family strife, and tremendous emotional distress.  Dotson lost his house and job, and was convicted of the crime of forgery in order to obtain gambling funds, all because of his gambling addiction precipitated by the slot machines allowed at the Fort Hall Casino in violation of IGRA and the Johnson Act.

g.      Both Plaintiffs have sought, obtained, and continue to receive treatment for their destructive gambling addictions, through Gambler's Anonymous.  Dotson has also obtained counseling from a private licensed counselor for his gambling addiction.

f.      If the defendants had originally acted in accordance with IGRA and the Johnson Act, the slot machines would not have been installed at Fort Hall Casino, or would have been removed therefrom, and neither Plaintiff would have suffered the harm set forth above.

g.      If this Court declares the Compacts to be in violation of IGRA and the Johnson Act, sets aside the Secretary's approval of the amendments to the Compacts, and grants the prayer for relief herein, Fort Hall Casino will likely be forced to remove its slot machines, and such gambling would be much less readily available to Plaintiffs, making their recovery much easier and preventing or minimizing further harm to the Plaintiffs of the kind set forth above.

h.      IGRA was enacted in order to fill a vacuum in Indian gaming regulation and to include the various states' public policy interests in regulating such gaming, including the State of Idaho's public policy against gambling unambiguously expressed in Article III § 20(1) of the Idaho Constitution, which is the same interest Plaintiffs seek to protect.

29.      Plaintiffs are entitled to recover from the defendants their costs and attorney fees incurred to prosecute this action, pursuant to applicable statute and court rule, including but not limited to 5 U.S.C. § 504.

WHEREFORE Plaintiffs respectfully pray the judgment, order and decree from the Court as follows:

1.      Judgment against the Secretary of Interior setting aside his predecessors' approvals of the Tribal-State Gaming Compacts and amendments thereto, and declaring that such approvals violate the Indian Gaming Regulatory Act, the Johnson Act, and the Administrative Procedure Act.

2.      Judgment against the Governor of Idaho, declaring that the Tribal-State Gaming Compacts are in violation of and prohibited by the Indian Gaming Regulatory Act and the Johnson Act, and rescinding and voiding such Compacts.

3.      Judgment against the Secretary and Governor declaring that the Class III gaming currently being conducted pursuant to the Tribal-State Compacts is in violation of and prohibited by the Indian Gaming Regulatory Act and the Johnson Act, and rescinding and voiding such Compacts.

4.      Judgment against the Defendants for costs and reasonable attorneys' fees.

5.      Such other declaratory, injunctive, and other equitable relief as may be just and

appropriate.

DATED this 8th  day of April, 2009.

THOMSEN STEPHENS LAW OFFICES, PLLC


By: _____/s/_____
T. Jason Wood, Esq.

J:\data\CRT\6085\PLEADINGS - FEDERAL\001 Complaint Vs. Secretary.wpd