Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

 Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WENDY KNOX and RICHARD DOTSON, | ) ) ) | Case No. CV09-00162-E-BLW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | MEMORANDUM IN OPPOSITION TO SHOSHONE BANNOCK TRIBES' MOTION FOR LEAVE TO FILE AMICUS BRIEF |
| UNITED STATED DEPARTMENT OF THE INTERIOR, KENNETH LEE SALAZAR, Secretary of the Interior, and C.L. OTTER, governor of the State of Idaho, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

PLAINTIFFS, by and through counsel of record, hereby oppose the Shoshone Bannock

Tribes' Motion for Leave to File Amicus Brief (Dkt. #53), on the following grounds and for the

following reasons:

## ISSUES NOT RAISED BY THE PARTIES MAY NOT BE RAISED BY AMICUS CURIAE

It is well established that an *amicus curiae* "cannot raise an issue raised by neither of the parties absent exceptional circumstances." *Christopher M. v. Corpus Christi Ind. Sch. Dist.* 933 F.2d 1285, 1292 (5th Cir. 1991). Four of the five issues SBT raises in its proposed *amicus* brief are entirely new. The Secretary raised none of those Four issues. Although on the surface the statute of limitations issue appears to be raised by both, SBT's argument is entirely different. The Secretary's argument is directed only toward Plaintiff Wendy Knox, not Richard Dotson, and it is based on "newly discovered evidence" allegedly establishing that Knox's claims accrued by January 8, 2003. (Dkt. #51-1 at 8-10 of 21). SBT's argument, on the other hand, is directed to Richard Dotson as well as Wendy Knox, and focuses on the assertion that SBT has been offering video gaming since 1992. Because all the issues were not raised by the Secretary, SBT is precluded from raising them the first time now, particularly in support of a motion for reconsideration.

## SHOSHONE BANNOCK TRIBES ARE TOO PARTISAN TO BE AMICUS CURIAE

"The privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Greater Yellowstone Coalition [GYC] v. Timchak,* 2008 U.S. Dist. LEXIS 92394, *19, Case No. CV-08-388-E-MHW (D. Idaho, Nov. 13, 2008) (quoting *Community Ass'n for Restoration of Environment (CARE) v. DeRuyter Bros. Dairy,* 54 F.Supp.2d 974, 975 (E.D.Wash. 1999) (citing *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982))).

As this Court has recognized, "[h]istorically, *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the

Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *GYC,* 2008 U.S. Dist. LEXIS 92394 at *21 (quoting *CARE,* 54 F. Supp. 2d at 975).

In *GYC,* Ashley Creek, the Plaintiff environmental organizations brought an action against the defendant federal officials challenging the officials' authorization to expand a J.R. Simplot phosphate mine which allegedly violated federal environmental statutes. Simplot contended that delay in the mine expansion that would result from the requested preliminary injunction would result in depletion of the sole phosphate reserves which the company used to produce farm fertilizer, and the company would be forced to shut down both the mine and the fertilizer plant. Ashley Creek, LLC, a mining company which owned the mineral rights to competing phosphate mine, had actively fought to be the phosphate supplier to Simplot, rather than from Simplot's own mine. Ashley Creek advocated the position of the plaintiff environmental groups, that expansion of Simplot mine was in violation of NEPA, and requested leave to file an *amicus* brief in support of the plaintiff's motion for preliminary injunction. Applying the foregoing legal principles, the Court denied the motion: "Clearly, Ashley Creek's motivations appear to be driven by economic rather than by environmental concerns, and just as clearly, Ashley Creek is advocating a point of view that the preliminary injunction issue." *GYC,* 2008 U.S. Dist. LEXIS 92394 at *22.

In the instant case, the Shoshone Bannock Tribes (SBT) are about as far from impartial as a non-party can possibly be. Like Ashley Creek in *GYC,* SBT's only interest in this case is its own financial interest, as established in its own motion. SBT claims no interest in the societal impact of gambling or enforcement of the restrictions and regulation of class III gaming under IGRA. Indeed,

from their proposed brief it appears that SBT takes a position similar to the State of Idaho, that is, that somehow the Secretary can unilaterally, by his approval, legitimize class III gaming otherwise prohibited by IGRA.

Furthermore, like Ashley Creek, not only is SBT's interest purely for personal profit, it aligns itself 100% with the Secretary in support of the motion for reconsideration and to dismiss.  Indeed, SBT is an even more partisan than Ashley Creek was in *GYC,* in light of SBT's and the Secretary's mutual position that SBT is a *necessary party* and should (but cannot) be joined as a defendant in this action.  It is clear from their respective briefing that they acted in concert to "divide and conquer" on the issues, the issue of mootness being assigned to the Secretary, and the Rule 19 and the statute of limitations issues being assigned to SBT.  The Secretary and SBT thereby apparently hope to effectively double the Secretary's 20 page limit on its brief under Local Rule 7.1, while SBT hopes to vindicate its purely profit-driven interest as a misplaced *amicus curiae,* without the inconvenience of voluntarily appearing and waiving its sovereign immunity.  Clearly SBT is no friend of the Court.  If SBT wishes to so stridently protect and defend its self-interest, it can intervene and subject itself to the jurisdiction of the Court.  But it cannot have it both ways.

## SBT DOES NOT QUALIFY FOR ANY OF THE EXCEPTIONS TO THE PRESUMPTION THAT LEAVE TO FILE AN AMICUS BRIEF SHOULD BE DENIED.

"Leave to file an amicus brief should be denied unless [1] a party is not represented competently or at all, [2] a decision in the present case may affect the interest of the amicus in another case in which he has an interest, or [3] the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *GYC,*

---

2008 U.S. Dist. LEXIS 92394 at **19-20 (citing *CARE*, 54 F.Supp.2d at 975)(citing *Northern Sec.*
*Co. v. United States,* 191 U.S. 555, 556 (1903)).

Applying to this case the foregoing exceptions to the presumption that leave to file an amicus
brief should be denied, as the Court correctly ruled in its memorandum decision and order denying
the Secretary's motion to dismiss, SBT's interests *are* adequately represented by the Secretary, *as*
*a matter of law*. SBT has completely failed to establish otherwise. Second, SBT has not alleged any
other case in which it has an interest, that might be affected by a decision in the instant case. Third,
SBT has no unique information the Secretary does not have. Obviously the two have been in close
communication and are cooperating and tag-teaming in their defense in this case. (See, e.g.,
Declarations of Lionel Q. Boyer and Nathan Small, Dkt. ##51-4 and 51-5, respectively). SBT is
plainly willing to share, and the Secretary is willing to utilize, any information SBT has in this case,
relevant or not. Consequently, SBT has failed to overcome the presumption against granting leave
to file an amicus brief.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that SBT's motion for leave to file
an amicus brief should be denied.

DATED this 4th day of April, 2011.

THOMSEN STEPHENS LAW OFFICES, PLLC

By:    /s/
        T. Jason Wood, attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Tyler Bair: | tyler.bair@usdoj.gov |
| Samantha Klein Frank: | samantha.frank@usdoj.gov |
| Curt R. Thomsen: | cthomsen@custertel.net |

THOMSEN STEPHENS LAW OFFICES, PLLC

By:   /s/ _____
        T. Jason Wood, attorney for Plaintiffs

J:\data\CRT\6085-001\Pleadings\024 Brf Opp Amicus.wpd