UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDY KNOX and RICHARD DOTSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, KENNETH LEE SALAZAR, Secretary of the Interior,<br><br>Defendants. | Case No. 4:09-CV-162-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it (1) two motions filed by the Tribes seeking amicus status, and (2) plaintiffs' motion to strike. For the reasons explained below, the Court will grant amicus status to the Tribes and deny the plaintiffs' motion to strike.

## LITIGATION BACKGROUND

In this lawsuit, plaintiffs challenge the Secretary's decision to approve gaming compacts between Idaho and several tribes. The Tribes are not parties to this action, having invoked their sovereign immunity from suit. In an earlier decision, the Court refused to dismiss the action, rejecting a claim, among others, that the Tribes were indispensable parties who could not be joined. The Court held that the Tribes were adequately represented by the Secretary.

**Memorandum Decision and Order - 1**

The Secretary filed a Motion For Reconsideration. The Tribes then filed a motion for leave to file an amicus brief in support of the Secretary's motion, and subsequently filed another motion to file an additional brief and supporting affidavit arguing that plaintiff Dotson's claim was moot because he was excluded from gambling at the Tribes' casino. The plaintiffs responded by moving to strike the Tribes' factual submissions, including (1) the Declaration of Nathan Small, the Chairman of the Fort Hall Business Council, addressing the history of this litigation, and (2) the Declaration of Marvin Osborne, the Executive Director of the Tribes' Gaming Commission, addressing the alleged mootness of plaintiff Dotson's claim.

## ANALYSIS

### Tribes' Motion to File as Amicus

This Court has "broad discretion" to appoint amicus curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). In *Hoptowit*, the Government moved for amicus status in a case involving prison conditions. The district court granted the motion and the Circuit affirmed, finding that the Government "was helpful to [the district court] in investigating the facts and advising it on the federal government's position on issues of federal constitutional law." *Id*. at 1260. The Circuit also found it important that while the Government had an interest in vindicating federal constitutional rights, there was no evidence that the Government "controlled the litigation" or that the named plaintiffs "were mere strawmen to confer standing so that amicus could litigate its views." *Id*. at 1260.

**Memorandum Decision and Order - 2**

The same conditions exist here. The Tribes' input would be helpful to the Court in reviewing the Secretary's motion to reconsider. The Tribes may have insight to add to that of the Secretary because the Tribes' gambling operations are at issue in this case. And there is no evidence that the Secretary is a mere strawman for the Tribes or that the Tribes are controlling this litigation.

While the Tribes have filed two motions to allow amicus briefs, and the Court will grant both motions, the Court will require that the Tribes file only a single amicus brief, no longer than the 20-page limit. The Court will require that this brief be filed within ten days from the date of this decision.

**Plaintiffs' Motion To Strike**

Plaintiffs seek to strike the two Declarations that the Tribes intend to file with their amicus brief, and to prohibit the Tribes from addressing factual issues in their amicus brief.

The plaintiffs cite no Ninth Circuit cases on point. While other courts typically strike factual assertions by an amicus, those same courts have crafted an exception when the facts relate to jurisdictional issues. *See e.g.*, *Gen. Electric Corp. v. Virgin Islands Water & Power Auth.*, 805 F.2d 88, 92 n. 5 (3rd Cir. 1986) ("Generally, new issues by an amicus are not properly before the court [but] jurisdictional issues may give rise to . . . exceptional circumstances."), *Michel v. Anderson*, 14 F.3d 623, 625 (D.C. Cir. 1994) ("[W]e are obliged to consider [questions of jurisdiction] on our own and therefore

**Memorandum Decision and Order - 3**

welcome *amici*'s presentation."). While these cases are not binding, the Court finds them persuasive.

In this case, the Osborne Declaration addresses the issue whether Dotson's claim is moot. *See Osborne Declaration (Dkt. 65-2).* "If a case is moot, the court lacks jurisdiction." *Pinnacle Armor, Inc. v. U.S.*, 2011 WL 2040870 (9th Cir. May 26, 2011). Because the factual assertions in this Declaration go directly to a jurisdictional issue, the Court will not strike the Osborne Declaration.

The Small Declaration discusses the history of the gambling controversy, and the Tribes' relationship with the Government with regard to gambling. This Declaration addresses the issues of joinder and sovereign immunity, which if not aligned properly, carry the same consequence as a jurisdictional flaw – Dismissal. *See Republic of Phillippines v. Pimentel*, 553 U.S. 851, 867 (2008). The Court will therefore not strike the Small Declaration.

The Court also refuses to prohibit the Tribes from discussing factual matters in their amicus brief. The Tribes will be addressing factual matters as they relate to jurisdiction, joinder, and sovereign immunity, and the Court finds that proper.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to file amicus briefs (docket nos. 53 & 65) are GRANTED, and the Tribes are authorized to file a single amicus brief in response to the Government's motion to reconsider (docket no. 51) no longer than the 20-page limit to be filed within ten (10) days from the date of this Order.

IT IS FURTHER ORDERED, that the motion to strike (docket no. 67) is DENIED.



DATED: **July 9, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**