IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

TY BAIR (Idaho Bar # 7973)
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Phone: (202) 307-3316
Fax: (202) 305-0506
E-mail: tyler.bair@usdoj.gov

SAMANTHA KLEIN FRANK (NYS Bar # SK-9874)
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Phone: (202) 305-0474
Fax: (202) 305-0506
E-mail: samantha.frank@usdoj.gov

*Attorneys for United States Department of Interior and Kenneth Lee Salazar, Secretary of the Interior*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WENDY KNOX and RICHARD DOTSON, <br><br> Plaintiffs, <br> v. <br> UNITED STATES DEPARTMENT OF INTERIOR, et al. <br><br> Defendants. | ) <br> ) <br> ) Case No. 4:09-CV-00162-BLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FEDERAL DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

# INTRODUCTION

The United States Department of the Interior and Kenneth Lee Salazar, Secretary of the Interior (collectively, the "Federal Defendants"), file this brief in opposition to Plaintiffs' Motion For a Protective Order (Doc. No. 78) ("Plaintiffs' Motion"). This Court should deny Plaintiffs' Motion. As an initial matter, Plaintiffs' Motion fails to comply with this Court's Procedural Policies for resolving discovery disputes. More importantly, Plaintiffs do not present any compelling arguments and cite to absolutely no case law in support of their assertion that Federal Defendants are not entitled to conduct the same jurisdictional discovery that Plaintiffs are currently engaged in. As Federal Defendants's discovery requests are within the scope of discovery permitted under Federal Rule of Civil Procedure 26, this Court should deny Plaintiffs' Motion.

**I.     Plaintiffs Did Not Comply With This Courts' Procedural Policies for Discovery Prior to Filing Their Motion.**

This Court's Procedural Policies regarding discovery conferences state:

- No motions may be filed in a discovery dispute until all counsel have placed a conference call with the law clerk assigned to the case.
- If the dispute cannot be resolved in that call, the parties shall discuss the issue on the phone with the Judge.
- If the dispute still exists, then and only then, is counsel free to file a motion.

Although prior to being served with discovery requests, Plaintiffs stated that they disagreed that Federal Defendants were entitled to jurisdictional discovery, Plaintiffs did not contact Federal Defendants to set up a conference call with the law clerk assigned to the case in an attempt to resolve the issue before receipt of Federal Defendants' First Set of Interrogatories and Request for Production of Documents on October 7, 2011. Instead Plaintiffs' first step was

to file a motion for a protective order is plainly contrary to this Court's directions.

## II.  Federal Defendants' Jurisdictional Discovery Is Within the Scope of Discovery Allowed by Fed. R. Civ. P. 26.

Federal Defendants' discovery on the limited questions of standing and statute of limitations with regard to Plaintiff Wendy Knox easily satisfies Federal Rules of Civil Procedure ("FRCP") 26, which states:

> Parties may obtain discovery regarding *any* non-privileged matter that is relevant to any party's claim or defense . . . and [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. FRCP 26(b)(1) (emphasis added).

Plaintiffs present three arguments in support of their motion, none of which is convincing. First, Plaintiffs appear to argue that Federal Defendants are required to make a motion in order to be entitled to jurisdictional discovery in this case because Plaintiff has been granted the right to limited discovery. *See* Plaintiffs' Motion at 2. As a general matter, however, discovery is conducted in the absence of any motions or orders, and simply because one party has made a motion does not mean that anyone else is also required to do so, and Plaintiffs cite no authority arguing otherwise.

Second, Federal Defendants' limited discovery request on jurisdictional issues is not inconsistent with the position that discovery on the merits is not appropriate in a case brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq*, as Plaintiffs argue. Under the APA, the court reviews the challenged agency action under a narrow and deferential standard to determine whether the agency's action was arbitrary and capricious. 5 U.S.C. § 706(2)(A). The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of a final agency action under the APA is limited to the administrative

record. *See, e.g., Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (9th Cir. 1991) (affirming district court's limitation on the scope of its review to the administrative record and barring discovery); *Friends of the Earth v. Hintz*, 800 F.2d 822, 827–29 (9th Cir. 1986) (affirming district court's order quashing litigation depositions on ground that review was limited to the administrative record).

Standing, and in this case, the question of when the statute of limitations began to run as to Plaintiff Wendy Knox's claims, however, does not go to any question regarding the merits of this case. Rather, the discovery requested goes to the question of this Court's jurisdiction. Because standing and statute of limitations are jurisdictional and must be resolved before proceeding to the merits, it follows that discovery as to these questions is consistent with the record rule. A party's standing and when the statute of limitations begins to run do not go to the merits of the case and it is not decided under the APA's arbitrary and capricious standard. Such questions are not subject to record review and the government's position that discovery is not appropriate is not applicable to questions of jurisdiction.

As the Supreme Court has emphasized, the elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Thus evidence of a plaintiff's standing is relevant to each and every claim presented to the court. Because a court must establish jurisdiction before reaching the merits of a claim, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31 (2007), Federal Defendant's discovery is particularly appropriate prior to filing cross-motions for summary judgment, as contemplated in the scheduling order for this case. Allowing this discovery will ensure that jurisdictional issues, if any, are brought to the Court's attention before any merits issues are

considered or resolved, which will ensure that the parties do not needlessly litigate the merits and waste valuable judicial time and resources.

Federal Defendants seek to conduct discovery into the facts underlying Plaintiffs' standing under Article III, especially the allegations in paragraph 28 of the Amended Complaint where Plaintiffs assert their standing to bring this lawsuit. It is well-settled that, for a plaintiff to have standing under Article III, a plaintiff must show that: (1) she has suffered an injury that is concrete and particularized, and actual or imminent; (2) her injury is "fairly traceable" to the challenged action of the defendant and not the result of independent action by a third party not before the court; and (3) a favorable decision would "likely" redress the injury. *Lujan*, 504 U.S. at 560–61. When the plaintiff is not herself the object of the government action or inaction she challenges, the indirectness of the injury make it "substantially more difficult" to establish that the asserted injury was caused by the defendant's actions, and that the demanded relief will redress the injury. *Id*. at 562; *Allen v. Wright*, 468 U.S. 737, 758 (1984); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 44-45 (1976). Plaintiffs bear the burden of establishing standing. *Lujan*, 504 U.S. at 561. As the Supreme Court has reiterated, "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009).

Courts have consistently endorsed the appropriateness of discovery relating to jurisdiction in general and standing in particular. Thirty years ago, the Supreme Court stated that discovery is not limited to the merits of a case, "for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "For example," the Court noted, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Id.* at 351 n. 13 (citing 4 J. Moore, FEDERAL PRACTICE

¶ 26.56[6] (2d ed. 1976)). As this Court has recognized, "[b]ecause standing is a constitutional element of this Court subject matter jurisdiction," parties should remain free to take discovery on this issue. *See Idaho Coalition United for Bears v. Cenarrrusa*, No. 00-0668-5-BLW, 2001 WL 34050705 (D. Idaho, May 30, 2001) at *2, n. 2 (citing *United States v. Hays*, 515 U.S. 737 (1995)). Likewise, other district courts in the Ninth Circuit have allowed limited jurisdictional discovery on questions related to a plaintiff's ability to bring a suit in a foreign forum under the relevant statute of limitations. *See, e.g., Bauman v. DaimlerChrysler AG*, 2005 WL 3157472 at *19 (N.D. Cal. 2005). As Federal Defendants' proposed jurisdictional discovery would not conflict with fundamental principles of administrative law limiting judicial review of final agency actions to the administrative record because the proposed interrogatories do not seek to supplement or otherwise expand the record, but instead only seek to clarify Plaintiffs' allegations of injury for jurisdictional purposes.[1/] Finally, Plaintiffs' allegations that "defendants are in the possession of the relevant information" is patently incorrect. Facts tending to prove or disprove Plaintiffs' allegations of standing and the timeframe in which Plaintiffs Knox started gambling are under the control of Plaintiffs and are not available to the Federal defendants except through discovery.[2/]

As this Court has recognized, there is the possibility that "limited discovery into standing and statute of limitations issues" could change the focus of Federal Defendants' motion to dismiss or

---

[1/] Further, Plaintiffs' previous motion to compel discovery (Doc. 72) was not limited to a request for jurisdictional discovery. Rather, Plaintiffs asserted a general right to discovery with regard to adequacy of the administrative record. The motion was not accompanied by any actual request Consequently, Federal Defendants had no way of knowing how extensive, timely, or burdensome Plaintiffs' requested discovery will be. *See* Doc. 64 at 10, n.5.

[2/] Plaintiffs, in making this argument, appear to once again confuse Federal Defendants, who are a party to this lawsuit, and the Shoshone Bannock Tribes, which have requested leave to appear as an amicus and are not named as parties to the lawsuit.

preclude it altogether. *See* Memorandum Decision and Order (Doc. 77) at 8. Thus, Plaintiffs' motion should be denied, and Federal Defendants should be allowed to proceed with jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion For a Protective Order.

DATED this 14th day of November, 2011

        IGNACIA S. MORENO
        Assistant Attorney General
        Environment and Natural Resources Division

        /s/ Ty Bair
        TY BAIR
        U.S. Department of Justice
        United States Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        P.O. Box 663
        Washington, D.C. 20044-0663
        Phone: (202) 307-3316
        Fax: (202) 305-0506
        E-mail: tyler.bair@usdoj.gov

Of Counsel:        /s/ Samantha Klein Frank
Andrew S. Caulum        SAMANTHA KLEIN FRANK
Attorney-Advisor        United States Department of Justice
Office of the Solicitor        Environment and Natural Resources Division
Division of Indian Affairs        Natural Resources Section
U.S. Department of the Interior        P.O. Box 663
1849 C Street NW, MS 6513 MIB        Washington, D.C. 20044-0663
Washington DC 20240        Phone: (202) 305-0474
        Fax: (202) 305-0506
        E-mail: samantha.klein@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 14th day of November 2011, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Curt R. Thomsen email address: cthomsen@custertel.net

T. Jason Wood email address: tjwoood@thomsenstephenslaw.com

Scott D Crowell email address: scottcrowell@hotmail.com

William F Bacon email address: billbacon@hotmail.com


                                                  By: /s/ Ty Bair
                                                Ty Bair