UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDY KNOX and RICHARD DOTSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, KENNETH LEE SALAZAR, Secretary of the Interior,<br><br>Defendants. | Case No. 4:09-CV-162-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it three discovery motions. The motions are fully briefed and at issue. The Court will resolve each below.

## ANALYSIS

**Plaintiffs' Motion for Protective Order**

Plaintiffs seek an order protecting them from answering the Government's discovery requests. In an earlier decision, the Court granted plaintiffs' motion to compel discovery limited to the issues of standing and the statute of limitations. *See Memorandum Decision (Dkt. No. 77).* Plaintiffs argue that the discovery permitted by the Court was a one-way street, allowing only plaintiffs to take discovery and not requiring them to answer the Government's discovery requests on these two subjects. The Court

**Memorandum Decision & Order – page 1**

disagrees. The Court intended to allow both parties to conduct this limited discovery. Accordingly, plaintiffs' motion for protective order will be denied.

**Plaintiffs' Motion to Compel**

Plaintiffs seek to compel three persons to attend depositions: Lionel Boyer, Marvin Osborne, and Nathan Small, the Chairman and Executive Director of the Shoshone Bannock Tribes Gaming Commission and Chairman of the Fort Hall Business Council, respectively. The Tribes have sovereign immunity from suit, and this extends to protect them from complying with subpoenas. *See United States v James*, 980 F.3d 1314 (9th Cir. 1992). This Court has already denied plaintiffs' attempt to add the Tribes as defendants, holding that the Tribes were protected by sovereign immunity. *See Memorandum Decision (Dkt. No. 46).* However, Tribal members in their individual capacity have no sovereign immunity. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59 (1978).

These legal restraints would typically limit plaintiffs to deposing Small, Osborne, and Boyer only about factual matters concerning these three men in their individual capacity. The three could, however, legitimately refuse to answer questions asking about, say, Tribal practices or policies. Because the plaintiffs' intent is to ask questions about Tribal practices and policies, the Court would typically deny plaintiffs' motion to compel their attendance at those depositions.

However, in this case, the Tribes asked, and were granted, the right to file an amicus brief accompanied by Declarations of Small and Osborne that discussed the

**Memorandum Decision & Order – page 2**

Tribes' gaming operations. *See Declarations (Dkt. Nos. 53 & 65) and Brief (Dkt. No. 73).* In addition, Small and Boyer filed Declarations on the same subject in support of a motion to reconsider. *See Declarations (Dkt. Nos. 51-4 & 51-5).* While the filing of these documents did not waive the Tribes' sovereign immunity generally, it did waive the right of Small, Boyer, and Osborne to resist a deposition limited to the topics covered in their Declarations. *James*, 980 F.2d at 1320 (finding limited waiver where non-party Tribe produced documents because it "cannot selectively provide documents and then hide behind a claim of sovereign immunity when [a party] requests different documents").

For all of these reasons, the Court will grant in part the plaintiffs' motion, and compel the attendance of Small, Boyer, and Osborne at depositions to answer questions limited to matters relevant to the contents of the Declarations they filed in this case. The motion will be denied in all other respects.

**Motion for Extension of Time to Complete Discovery**

There being no opposition to this motion, the Court will grant it, and give the parties 45 days from the date of this decision to complete discovery on the standing and statute of limitations issues.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for protective order (docket no. 78) is DENIED.

**Memorandum Decision & Order – page 3**

IT IS FURTHER ORDERED, that the motion for order compelling attendance at deposition (docket no. 80) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to compel the attendance of Small, Boyer, and Osborne at depositions to answer questions limited to the contents of the Declarations they filed in this case. The motion will be denied in all other respects.

IT IS FURTHER ORDERED, that the motion for extension (docket no. 82) is GRANTED, and that the discovery on standing and statute of limitation issues be completed within 45 days from the date of this decision.

DATED: **February 13, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge